UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MICHAEL WILLIAMS,

     Petitioner,

v.                                                                            CASE NO. 6:09-cv-1121-Orl-31GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

     Respondent.

_____

**<u>ORDER</u>**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6).  Petitioner was provided an opportunity to file a reply to the response but did not do so.

Petitioner alleges twelve claims for relief in his petition.  As discussed hereinafter, the Court finds that the petition is untimely and must be denied.

**I.**     *Procedural History*

Petitioner was charged by information with one count of armed robbery with a firearm while wearing a mask.  A jury found Petitioner guilty as charged. The state court sentenced Petitioner to a thirty-year term of imprisonment with a ten-year minimum mandatory sentence.  Petitioner appealed his conviction and sentence.  On October 22,

2004, the Fifth District Court of Appeal of Florida affirmed.  Mandate was issued on

November 10, 2004.  (App. I.)  On December 22, 2004, the Fifth District Court of Appeal

denied Petitioner's motion to extend time to file a request for discretionary review with the

Florida Supreme Court because the Fifth District Court of Appeal lacked jurisdiction to do

so.  (App. J.)  On January 27, 2005, Petitioner filed a notice to invoke discretionary

jurisdiction with the Florida Supreme Court.  (App. K.)  On February 10, 2005, the Florida

Supreme Court dismissed the notice as untimely filed.  (App. L.)

Petitioner filed a state petition for writ of habeas corpus on January 26, 2006.  (App.

N.)  The Fifth District Court of Appeal of Florida denied the petition on March 21, 2006.

(App. Q.)  Petitioner filed a motion for rehearing, which was denied on April 26, 2006.

(App. R.)

On November 9, 2006, Petitioner filed a Florida Rule of Criminal Procedure 3.850

motion for post-conviction relief and subsequently filed an amended motion.[1]  (App. T &

U.)  The state court summarily denied the motion, and Petitioner appealed.  The Fifth

District Court of Appeal *per curiam* affirmed on May 5, 2009.  (App. CC.) Mandate was

issued on June 29, 2009.  (App. EE.)

---

[1]This is the filing date under the "mailbox rule."  *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if that [sic] the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").  All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule, unless otherwise noted.

*II.*    *Petitioner's Habeas Corpus Petition is Untimely*

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment of
a State court.  The limitation period shall run from the latest of --

(A)    the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
review;

(B)    the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws
of the United States is removed, if the applicant was prevented
from filing by such State action;

(C)    the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if that right has been newly
recognized by the Supreme Court and made retroactively
applicable to cases on collateral review; or

(D)    the date on which the facts supporting the claim or claims
presented could have been discovered through the exercise of
due diligence.

(2)    The time during which a properly filed application for State post-
conviction or other collateral review with respect to the pertinent
judgment or claim is pending shall not be counted toward any period
of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the appellate court entered its order of affirmance on direct

appeal on October 22, 2004.  Petitioner then had ninety days, or through January 20, 2005,

to petition the United States Supreme Court for a writ of certiorari.  *See* Sup. Ct. R. 13.[2]

---

[2]Rule 13 provides as follows:

Thus, under § 2244(d)(1)(A), the judgment of conviction became final on January 20, 2005,

and Petitioner had through January 20, 2006, absent any tolling, to file a federal habeas

corpus petition.[3] *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that the one-

year period of limitation does not begin to run until the ninety-day period for filing a

petition for certiorari with the United States Supreme Court has expired).  Under the

mailbox rule, the instant petition was not filed until June 26, 2009, and thus is not timely.[4]

---

The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice).  But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

[3]The Court notes that Petitioner's notice to invoke discretionary jurisdiction filed in the Florida Supreme Court was filed more than three months after the Fifth District Court of Appeal affirmed Petitioner's conviction and sentence.  Rule 9.120 of the Florida Rules of Appellate Procedure requires a notice to invoke discretionary jurisdiction to be filed within thirty days of the disposition of the order to be reviewed. *See* Fl. R. App. P. 9.120(b). The Florida Supreme Court expressly found that Petitioner's notice was untimely.  (App. L.)  As such, the Court concludes that Petitioner's conviction became final ninety days after the Fifth District Court of Appeal affirmed Petitioner's conviction and sentence.  Assuming, however, that Petitioner had thirty days to file his notice to invoke discretionary review, he would have had until November 21, 2004, to do so.  If Petitioner had then been allowed ninety days from November 21, 2004, to file a petition for writ of certiorari in the United States Supreme Court, his conviction would have been final on February 19, 2005, and he would have had until February 19, 2006, to file the instant petition.  As such, Petitioner's habeas petition still would have been untimely filed, including any tolling for properly filed post-conviction proceedings.

[4]The Court is aware that Petitioner filed state post-conviction proceedings; however, because the one-year period concluded before Petitioner initiated those proceedings, the

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation that are not specifically addressed herein have been found to be without merit.

### III.   *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Secretary Department of Corrections*, 568 F.3d 929, 934 (11th Cir. 2009).   When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*; *Lamarca*, 568 F.3d at 934.   However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district

---

tolling provision of section 2244(d)(2) does not apply to the state habeas corpus proceedings. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

court's assessment of the constitutional claims debatable or wrong.  Moreover, Petitioner

cannot show that jurists of reason would find this Court's procedural rulings debatable.

Petitioner has failed to make a substantial showing of the denial of a constitutional right.

 Thus, the Court will deny Petitioner a certificate of appealability.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1.      This case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court shall enter judgment accordingly and is directed to

close this case.

**DONE AND ORDERED** at Orlando, Florida, this 17th day of August, 2010.

Copies to:
sc 8/17
Michael Williams
Counsel of Record

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE